UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
LISA CARMONA,

                         Plaintiff,                     CIVIL ACTION NO.

                  -against-

                                                         COMPLAINT

BUILDING MANAGEMENT ASSOCIATES, INC.,
SEBCO DEVELOPMENT, INC., and LATOYA ALLEN,

                         Defendants.
-------------------------------------------------------------------------------X

Plaintiff Lisa Carmona ("Carmona" or "Plaintiff"), by her attorneys, Katz Melinger PLLC, complaining of the defendants, Building Management Associates, Inc. ("BMA"), SEBCO Development, Inc. ("SEBCO"), and LaToya Allen ("Allen") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conducts business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff Lisa Carmona is an individual residing in the State of New York.

6. Defendant BMA is a domestic corporation with its principal place of business located at 885 Bruckner Boulevard, Bronx, New York 10459.

7. Defendant SEBCO is a domestic corporation with its principal place of business located at 885 Bruckner Boulevard, Bronx, New York 10459.

8. Upon information and belief, BMA and SEBCO jointly manage over 3,000 residential units and at least forty (40) commercial retail locations.

9. Defendant Allen is an individual residing, upon information and belief, in the State of New York.

10. At all relevant times, Allen was and still is an officer, director, manager and/or person in control of BMA and SEBCO, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising her performance.

12. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

14. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

15. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA, and NYLL.

16. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

17. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

18. Defendants operate in interstate commerce.

19. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

20. Plaintiff was employed by BMA and SEBCO from in or around April 2016 until in or around May 2020.

21. From the start of her employment until in or around May 2019, Plaintiff worked for BMA and SEBCO as an administrative assistant at a shelter managed by BMA and SEBCO, Seneca Houses.

22. As an administrative assistant, Plaintiff was compensated at an hourly rate of pay and received overtime compensation if she worked more than forty (40) hours per week.

23. In or around May 2019, Plaintiff began working as a maintenance supervisor of BMA's and SEBCO's residential buildings.

24. Despite being given the title of supervisor, Plaintiff did not have the authority to hire, fire, or discipline employees, nor did she exercise discretion and independent judgment with respect to matters of significance.

25. Moreover, as a maintenance supervisor, Plaintiff was compensated at the same hourly rate of pay, $24.00 per hour, that she earned while working as an administrative assistant at Seneca Shelter.

26. Between in or around May 2019 and on or around June 25, 2019, Plaintiff's job duties included answering phones, calling building superintendents to schedule and check on the status of repairs, creating work orders and reports, and administrative tasks such as filing.

27. Between in or around May 2019 and on or around June 25, 2019, Plaintiff regularly worked five (5) days per week, Mondays through Fridays from approximately 8:00 a.m. until 5:00 p.m., including a one (1) hour lunch break, for a total of approximately forty (40) hours per week.

28. On or about June 25, 2019, Defendants assigned Plaintiff to fifteen (15) buildings containing 955 residential units.

29. Once Plaintiff was assigned to specific buildings, Plaintiff was responsible for creating work orders, scheduling contractors and vendors for repairs, ensuring that the superintendents and porters who worked in said buildings were making repairs, and performing any other tasks requested by Plaintiff's supervisors.

30. Plaintiff was required to respond to tenants' phone calls, text messages, and emails at all hours of the day and, when necessary, to communicate with superintendents and outside contractors and vendors regarding repairs.

31. As a result, Plaintiff's work hours increased dramatically once she received her building assignments from Defendants.

32. Beginning on or around June 25, 2019, Plaintiff regularly worked seven (7) days per week, as follows: Mondays through Fridays from approximately 8:00 a.m. until 5:00 p.m. and

from approximately 6:00 p.m. to 10:00 p.m.; and Saturdays and Sundays from approximately 7:30 a.m. until 12:00 pm. or 1:00 p.m., for an average of approximately seventy-five (75) hours per week.

33. Plaintiff typically worked from BMA's and SEBCO's office Mondays through Fridays from 8:00 a.m. until 5:00 p.m., and performed additional work from home.

34. Plaintiff was afforded a one (1) hour lunch break each day, from 12:00 p.m. to 1:00 p.m. However, if Plaintiff was unable to take her lunch during that window of time, which was often the case, Plaintiff would not be permitted to take a lunch break that day.

35. On or around March 23, 2020, Plaintiff was instructed to report to the office only two (2) days per week, due to the COVID-19 pandemic.

36. Although Plaintiff only reported to the office two (2) days per week, Plaintiff continued to work her usual hours from home.

37. Throughout her time as a maintenance supervisor, Plaintiff was only compensated for the hours that she worked from the office, other than the meal breaks she worked through, and was not compensated for the hours Plaintiff worked from home.

38. On a few occasions, Plaintiff was required to work additional hours from the office to prepare work orders in advance of building inspections and/or for emergency repairs, for which she received overtime compensation.

39. However, Plaintiff did not receive any compensation for the hours she worked from home, although Defendants were aware that Plaintiff was working significantly more than forty (40) hours per week.

40. Plaintiff made numerous complaints to Allen about Defendants' failure to pay Plaintiff for overtime hours worked.

41. In response, Allen advised Plaintiff that performing work from home is simply part of the job and is not considered overtime work, and refused to allow Plaintiff to record the hours Plaintiff worked from home as overtime.

42. Similarly, after Defendants reduced Plaintiff's office hours to two (2) days per week, Plaintiff asked Allen if Plaintiff would be compensated for the hours that she worked from home, to which Allen responded in the negative.

43. Throughout her employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to overtime compensation.

44. Despite routinely working more than forty (40) hours per week as a maintenance supervisor, Plaintiff was not paid overtime compensation of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) per week, in violation of the FLSA and the NYLL.

45. Plaintiff also did not receive a notice at the time of hire, or at any time thereafter, containing her rates of pay and the designated payday, or any other information required by NYLL § 195(1).

46. Defendants further failed to furnish to Plaintiff, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

47. Defendants violated federal and state law by willfully failing to pay Plaintiff overtime compensation and failing to provide Plaintiff with the required wage and payroll notices.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Overtime Violations under the FLSA)

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of 29 U.S.C. § 207, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) per week.

50. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

51. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay for each hour worked in excess of forty (40) in a workweek.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that its failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of all wages due ("liquidated damages").

54. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Overtime Violations under the NYLL)

55. Plaintiff repeats and realleges all prior allegations set forth above.

56. Pursuant to the applicable provision of the NYLL § 650 *et seq*., and 12 NYCRR § 142-2.2, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) per workweek.

57. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

58. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay for each hour worked in excess of forty (40) in a workweek.

59. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

60. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Timely Pay Wages under the NYLL)

62. Plaintiff repeats and realleges all prior allegations set forth above.

63. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

64. During the relevant time period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

65. During the relevant time period, Defendants failed to timely pay Plaintiff all her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

66. Plaintiff regularly worked in excess of forty (40) hours per work during her employment with Defendants.

67. Throughout the relevant time period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including overtime wages earned for all hours worked in excess of forty (40) in a workweek, in violation of NYLL § 191(1)(a)(i).

68. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, liquidated damages, all reasonable attorneys' fees, interest, and costs.

69. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices Under the NYLL)*

70. Plaintiff repeats and realleges all prior allegations.

71. Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

72. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices Under the NYLL)*

73. Plaintiff repeats and realleges all prior allegations.

74. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

75. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action against Defendants for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) interest;

g) costs and disbursements; and

h) such other and further relief as is just and proper.

Dated: New York, New York
       May 29, 2020

>       */s/ Adam Sackowitz*
>       Adam Sackowitz
>       Katz Melinger PLLC
>       280 Madison Avenue, Suite 600
>       New York, New York 10016
>       (212) 460-0047
>       ajsackowitz@katzmelinger.com
>       *Attorneys for Plaintiff*