**MEMO ENDORSED**

**KATZMELINGER**

280 MADISON AVENUE, SUITE 600
NEW YORK, NEW YORK 10016
www.katzmelinger.com

Adam Sackowitz
Katz Melinger PLLC

July 27, 2021

t: 212.460.0047
f : 212.428.6811
ajsackowitz@katzmelinger.com

**Via ECF**
Honorable Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

> Application GRANTED to the extent the Court will hold a telephonic discovery conference on **August 5, 2021 at 11:00 a.m.** At that time, the parties shall dial (888) 557-8511 and enter the access code 7746387. Pursuant to this Court's Individual Practices, defendants' response is due no later than **July 30, 2021** with plaintiff's optional reply due no later than **August 3, 2021**.
>
> _____
> Barbara Moses
> United States Magistrate Judge
> July 28, 2021

Re: *Carmona v. Building Management Associates, Inc., et al.*
    **Civil Action No. 20-cv-04143(AJN)**

Your Honor:

We represent the plaintiff, Lisa Carmona, in the above-captioned matter, and submit this letter to respectfully request a pre-motion discovery conference pursuant to Fed. R. Civ. P. 37, Local Civil Rule 37.2, and Your Honor's Individual Practices regarding the issues described herein.

This is Plaintiff's second request for a pre-motion discovery conference concerning the issues outlined herein; Plaintiff's first request was submitted on July 22, 2021 (Dkt. No. 54) but was denied as premature without prejudice to refiling after the close of fact discovery in an Order dated July 23, 2021 (Dkt. No. 55).

**Defendants Have Not Complied with the Court's Order Dated July 2, 2021**

On June 25, 2021, Plaintiff submitted a letter application to the Court seeking an order extending the fact discovery deadline for the purpose of taking the deposition of Yessenia Velez and conducting limited post-deposition discovery for documents and ESI. Dkt. No. 49. On July 2, 2021, the Court issued an Order granting Plaintiff's application in part, extending the fact discovery deadline to July 23, 2021 and ordering Defendants to, among other things, perform a search of Plaintiff's bmamanagement.com email account and produce all non-privileged emails responsive to Plaintiff's discovery requests from said account and certify in writing that they have done so. A copy of the July 2, 2021 Order is attached hereto as **Exhibit A**. If Defendants represent that they are unable to search Plaintiff's bmamanagement.com account, or that the account no longer exists, the July 2, 2021 Order requires Defendants to set forth in writing why that is so. *Id.*

Since the entry of the Court's July 2, 2021 Order, Defendants have not produced any emails from Plaintiff's bmamanagement.com account, nor have they claimed, in writing or otherwise, that Plaintiff's bmamanagement.com account no longer exists or that it is otherwise not searchable. The fact discovery deadline having passed on July 23, 2021, Defendants have failed to comply with their discovery obligations and are in violation of the July 2, 2021 Order.

### **Defendants Misrepresented Their Efforts to Search for Responsive Emails**

As the Court noted in its July 2, 2021 Order, Defendants have represented that they conducted an "exhaustive search" of their "computer system" for "any and all further communications referencing the plaintiff." *Id.* Plaintiff has previously raised concerns over the extent of Defendants' alleged "exhaustive search". *See* Dkt. No. 49 at pp. 2-3.

At her deposition, Latoya Allen testified that her search for responsive emails consisted solely of typing in Plaintiff's name and the terms "Catch Up" or "Catch-up time" into Ms. Allen's bmamanagement.com email account, which populated a total of approximately 40-50 results, including emails regarding Plaintiff's time records:

> Q. So when you went into your e-mail system, what did you do to find e-mails that you thought were relevant related to Ms. Carmona's hours and the allegations in the complaint?
> A. I typed in her name. I typed in "Catch Up," because a lot of my e-mails, I labeled them as "Catch Up." Catch-up time. I checked for the e-mail that I sent to the IT company removing her access and her name. Those are the items that I looked up.
> Q. And when you typed in just Ms. Carmona's name, approximately how many e-mails came up in your search?
> A. Oh, I don't know.
> Q. A hundred? A thousand? Ten thousand?
> A. I don't -- I don't have a number. It definitely wasn't thousands. It definitely wasn't thousands.
> Q. Was it more than a hundred?
> A. For the search that I did, I would say maybe like 50 -- 40, 50 -- and that included the time. So the time reports, if I had to scan them, or the ones that I received from payroll. I didn't do every single -- because then I would've had to do searches with her with the other staff. So I didn't -- I did the ones related to what this case is about.

**Exhibit B**, Transcript of the Deposition of Latoya Allen, at 142:8-143:10.

Ms. Allen also testified that other staff members conducted searches of their respective bmamanagement.com email accounts for emails responsive to Plaintiff's requests. Ms. Allen stated that while she did not oversee the searches conducted by other employees, including Yessenia Velez, Gloria Allen, and Erika Rivera, said employees searched their email accounts and provided Ms. Allen with the results of their searches, which Ms. Allen then provided to her attorneys:

> Q. And then Ms. Rivera and Ms. Velez and Ms. Allen performed some more searches of their e-mails?
> A. I believe so.
> Q. Did you speak with any of them --
> A. I can't say exactly what they -- they were asked. I know what they were asked. I don't know -- I can't tell you if they did exactly what they were asked since people are texting.
> Q. After Ms. Velez and Ms. Allen and Ms. Rivera performed their searches, did they send the results to you?
> A. Yes. What they had, they gave it to me, and I put it all together, and I forwarded it to the attorney.

Exhibit B at 144:4-18.

On July 21, 2021, Plaintiff took the deposition of Ms. Velez. During her deposition, Ms. Velez testified that neither Ms. Allen nor anyone else asked Ms. Velez to search her bmamanagement.com email account for emails related to Plaintiff, and that she never conducted such a search of her bmamanagement.com email account.[1] Ms. Velez's testimony directly contradicts and calls into question the veracity of Ms. Allen's sworn testimony as well as her representations to the Court regarding the extent of Defendants' search for emails responsive to Plaintiff's discovery requests.

**Relief Sought**

Defendants have delayed the discovery process and frustrated Plaintiff's efforts to complete discovery for months. Plaintiff now seeks an order pursuant to Fed. R. Civ. P. 37 compelling Defendants to produce all non-privileged emails responsive to Plaintiff's discovery requests, to the extent not already been produced, on or before July 30, 2021. If Defendants fail to produce all such emails on or before July 30, 2021, or any other deadline set by the Court, Plaintiff respectfully requests that the Court issue sanctions against Defendants, including without limitation an order precluding Defendants from introducing evidence at trial, and an award of attorneys' fees to Plaintiff for the time expended by Plaintiff's counsel drafting and submitting this letter and any other submissions to the Court regarding this issue.

**Counsel for the Parties Have Met and Conferred**

On July 16, 2021, the undersigned sent an email to Richard DelValle, counsel for Defendants, asking when Defendants would produce responsive emails from Plaintiff's bmamanagement.com email account pursuant to the July 2, 2021 Order. Mr. DelValle did not respond to this email.[2] On July 21, 2021, following Ms. Velez's deposition, the undersigned sent

---

[1] The transcript from Ms. Velez's deposition has not yet been provided to counsel, and therefore her testimony cannot be quoted verbatim.

[2] During a telephone conference on July 22, 2021, Mr. DelValle informed the undersigned that his work computer malfunctioned last week and that as a result Mr. DelValle has only been able to access email from his mobile phone.

a follow-up email to Mr. DelValle again requesting that Defendants produce responsive emails from Plaintiff's bmamanagement.com email account, and also raising concerns as to the apparent contradiction between Ms. Allen's and Ms. Velez's testimonies regarding the extent to which Defendants searched for emails responsive to Plaintiff's discovery requests. Attached hereto as **Exhibit C** is a copy of the email exchange between the undersigned and Mr. DelValle. On July 22, 2021, the undersigned and Mr. DelValle discussed these issues by telephone for approximately ten (10) minutes, during which Mr. DelValle represented that he would reach out to his clients and make efforts to produce the requested materials, although he did not believe his clients would be able to produce the emails before the close of fact discovery. At the request of the undersigned, Mr. DelValle called the undersigned several hours later and advised the undersigned that Mr. DelValle had not been able to reach his clients but that he was seeking permission from his clients to direct Defendants' IT company to search for responsive emails from Plaintiff's bmamanagement.com email account.

Following the Court's Order dated July 23, 2021 denying without prejudice Plaintiff's initial request for a pre-motion discovery conference, the undersigned sent an email to Mr. DelValle on July 26, 2021 requesting an update as to the status of Defendants' production of emails from Ms. Carmona's bmamanagement.com account. **Exhibit C**. The undersigned and Mr. DelValle spoke by telephone on July 27, 2021, during which Mr. DelValle suggested that Defendants had not yet begun searching for responsive emails from Ms. Carmona's work account but that Mr. DelValle would make best efforts to expedite the process.

Based on the foregoing, Plaintiff respectfully requests a pre-motion conference to discuss the discovery issues described herein and Plaintiff's request for an order compelling Defendants to produce all emails responsive to Plaintiff's discovery requests.

We thank the Court for its attention and consideration in this matter.

Respectfully submitted,

Adam Sackowitz

Cc: Richard Del Valle (via ECF)