UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA CARMONA,<br><br>               Plaintiff,<br><br>   -against-<br><br>BUILDING MANAGEMENT ASSOCIATES, INC., et al.,<br><br>              Defendants. | 20-CV-4143 (AJN) (BCM)<br><br>**ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/21

**BARBARA MOSES, United States Magistrate Judge.**

At the time this action was referred to me for pretrial management, the fact discovery deadline was March 31, 2021. (Dkt. No. 25.) As that date approached (and then passed), plaintiff expressed a concern that defendants' email production – in particular, its production of emails to and from her account at bmamanagement.com – was deficient. Consequently, on April 27, 2021, I extended the fact discovery deadline to June 25, 2021, and directed defendants to "provide a sworn statement, made on personal knowledge, confirming that defendants preserved and searched plaintiff's bmamanagement.com account and produced from that account all non-privileged emails responsive to plaintiff's discovery requests." (Dkt. No. 38 ¶ 2.) On May 12, 2021, defendant Latoya Allen, who is an officer of the corporate defendants, signed an affidavit containing a somewhat different representation: "The Defendants have conducted an exhaustive search of the computer system used by Defendants Building Management Associates, Inc. and SEBCO Development, Inc. for any and all further communications referencing the Plaintiff." (Dkt. No. 44 ¶ 6.) Allen did not expressly confirm either that plaintiff's bmamanagement.com account had been *preserved* or that it (as opposed to defendants' "computer system") had been *searched* for communications referencing plaintiff.

On July 2, 2021, I extended the fact discovery deadline again, to July 23, 2021, and directed defendants as follows:

> Defendants have represented to the Court that they conducted "an exhaustive search" of their "computer system" for "any and all further communications referencing the plaintiff." (Dkt. No. 44 ¶ 6.) If and to the extent that search did not include a search of *plaintiff's* bnamanagement.com [sic] email account, defendants shall promptly perform that search and produce *from that account* all non-privileged emails responsive to plaintiff's discovery requests. (*See* Dkt. No. 38 ¶ 2.) They shall then certify in writing that they have done so. (*See id*.) If plaintiff's bnamanagement.com [sic] email account no longer exists, or is no longer searchable, defendants shall set forth in writing why that is so.

(Dkt. No. 52 ¶ 3 (emphases in the original).)

July 23 came and went with no additional email production by defendants and no written certification or explanation. On July 27, 2021, plaintiff sought a conference – scheduled for today – to discuss her anticipated motion for sanctions, including monetary sanctions and a preclusion order. (Dkt. Nos. 56, 57.)

On July 29, 2021, defendants' counsel filed a letter, erroneously designated as a motion, stating that defendants were making efforts, with the assistance of an IT vendor, to extract documents "stored on the office computer used by the Plaintiff during her employment with the Defendants." (Dkt. No. 58.) Counsel anticipated that the documents would be produced prior to today's discovery conference. (*Id*.) Counsel did not state whether or to what extent the search of a single office computer (as opposed to, for example, a search of the company's email server or cloud account) was equivalent to a search of "plaintiff's bnamanagement.com email account," and made no representations as to whether that account "no longer exists, or is no longer searchable." During today's discovery conference, defendants' counsel reported that the extraction process was still ongoing and that he had not yet seen any of the voluminous emails thereby retrieved.

The dispute regarding plaintiff's email account is the last remaining unresolved fact discovery issue. For the reasons discussed during today's conference, defendants will be given one more opportunity to comply with their discovery obligations with regard to that account before the Court entertains a sanctions motion. Consequently, it is hereby ORDERED that:

1. No later than **September 3, 2021**, defendants shall search plaintiff's bmamanagement.com account and produce from that account all non-privileged emails responsive to plaintiff's discovery requests.

2. No later than **September 3, 2021**, defendants shall submit to plaintiff and to the Court one or more sworn statements, made on personal knowledge, describing in detail the efforts undertaken to comply with this Court's Orders dated April 27, July 2, and today, and stating (a) whether plaintiff's bmamanagement.com email account was preserved and searched; (b) if so, how it was preserved (*e.g.*, on defendants' dedicated email server, in a cloud account, on a backup device of some kind), when it was searched, and by whom; and (c) if not, when and why that account was lost or destroyed, and what efforts defendants have made to restore its contents. The sworn statement(s) shall specifically address whether and to what extent defendants were able to retrieve and review all emails (within the period specified in plaintiff's documents demands) that were sent to or from plaintiff's bmamanagement.com email account and that were in defendants' possession, custody, or control when plaintiff's employment terminated.

3. The parties shall meet and confer in good faith after September 3, 2021 in an effort to resolve any remaining discovery or sanctions disputes concerning plaintiff's email account. If they are unable to do so, plaintiff shall file her sanctions motion no later than **September 24, 2021**. Opposition and reply papers shall be filed in accordance with Local Civil Rule 6.1(a) unless the parties stipulate to a different schedule.

4. If there is no sanctions motions, the parties shall file a joint status letter, no later than **September 24, 2021**, confirming that fact discovery has closed (or will close

on a date agreed to by the parties) and advising the Court as to whether and when the parties anticipate filing dispositive motions.

This Clerk of Court is respectfully directed to close Dkt. No. 58.

Dated: New York, New York
August 5, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**