USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/11/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

LISA CARMONA,                                    :
                                                 :
                              Plaintiff,         :
                                                 :                  20-CV-4143 (VEC)
             -against-                           :
                                                 :                  ORDER
                                                 :
BUILDING MANAGEMENT ASSOCIATES,                  :
INC., SEBCO DEVELOPMENT, INC.,                   :
LATOYA ALLEN,                                    :
                                                 :
                              Defendants.        :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

        WHEREAS this case involves claims brought under the Fair Labor Standards Act

("FLSA");

        WHEREAS the parties have reached a settlement, Dkt. 78;

        WHEREAS on March 30, 2022, Judge Nathan ordered the parties to file a joint letter and

a copy of their settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796

F.3d 199, 206 (2d Cir. 2015) by no later than April 29, 2022, Dkt. 78; and

        WHEREAS on April 10, 2022, the case was reassigned to the Undersigned.

        IT IS HEREBY ORDERED that the order entered at docket entry 78 is VACATED.

        IT IS FURTHER ORDERED that the parties may not dismiss this action with prejudice

unless the settlement agreement has been approved by either the Court or the Department of

Labor (DOL). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Accordingly, to the extent the parties wish to dismiss this action with prejudice, they must either

file a joint letter motion requesting that the Court approve the settlement agreement or,

alternatively, provide documentation of the approval by DOL. Any letter motion, along with the

settlement agreement, must be filed on the public docket by **Friday, April 29, 2022**.  The letter

motion must explain why the proposed settlement is fair and reasonable and should discuss, at a

minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am.*

*Cancer Soc.*, No. 10-CV-3214, 2010 WL 3000028, at \*1 (S.D.N.Y. July 23, 2010)).  The letter

must also address whether there is a *bona fide* dispute as to the number of hours worked or the

amount of compensation due and how much of the proposed settlement plaintiff's attorney shall

be seeking as fees.  *See Cheeks*, 796 F.3d at 206.  Absent special circumstances, the Court will

not approve any settlement agreement that is filed under seal or in redacted form.  *See id.*

The parties are advised that the Court is unlikely to approve any agreement that contains

a general release or a release of any claims that were not raised in the complaint and are

unrelated to wage-and-hour claims under the FLSA or related state laws.  *See Flores-Mendieta v.*

*Bitefood Ltd.*, No. 15-CV-4997, 2016 WL 1626630, at \*2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA

settlement cannot offer the defendant a sweeping release from liability that would 'waive

practically any possible claim against the defendants, including unknown claims and claims that

have no relationship whatsoever to wage-and-hour issues.'" (quoting *Cheeks*, 796 F.3d at 206)).

Such releases are generally disfavored, even if mutually applicable to all parties.  *See Gurung v.*

*White Way Threading LLC*, 226 F. Supp. 3d 226, 229 (S.D.N.Y. 2016) ("The fact that the

general release is styled as mutual . . . does not salvage it, absent a sound explanation for how

this broad release benefits the plaintiff employee.").  If, notwithstanding that admonition, the

parties believe that this case is sufficiently unusual that the Court should consider approving a release that goes beyond wage-and-hour and related labor law claims, the joint motion *must* explain why such a settlement term is appropriate in this case.  Failure to do so will likely result in the motion being summarily denied but may also result in sanctions against the attorneys for failure to comply with this Court's order.

The Second Circuit has left open for future decision whether an FLSA case may be settled without Court or DOL approval and dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  *See id.* at 201 n.2 ("[W]e leave for another day the question of whether parties may settle [FLSA] cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation without prejudice.").  If the parties wish to proceed without Court or DOL approval, they must submit a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).   Any such stipulation must be filed on the public docket within 30 days and must be accompanied by an affirmation from Plaintiff's counsel (1) stating that the Plaintiff(s) have been clearly advised that the settlement of this case does not preclude them from filing another lawsuit against the same Defendant(s) and (2) affirming that the settlement agreement does not contain a release of the Defendant(s).  *See, e.g.*, *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 449 (2d Cir. 1978) (*per curiam*) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to Res judicata principles." (quoting *Rinieri v. News Syndicate Co.*, 395 F.2d 818, 821 (2d Cir. 1967)).  The parties are warned that this option runs the risk that the case may be reopened in the future.

If no letter or stipulation is filed by **Friday**, **April 29, 2022**, a conference shall be held on

**Friday, May 6, 2022 at 11:30 a.m.** in Courtroom 443 of the Thurgood Marshall U.S.

Courthouse, 40 Foley Square, New York, New York 10007.

IT IS FURTHER ORDERED that the parties may wish to consider whether they would

like to consent to all further proceedings being held before the Magistrate Judge, in which case

she would make any required findings required pursuant to *Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  If both parties consent to proceed before the Magistrate

Judge for all purposes, counsel shall file a fully executed Notice, Consent, and Reference of a

Civil Action to a Magistrate Judge form.[1]  If the Court approves that form, all further

proceedings will then be conducted before the assigned Magistrate Judge, rather than before the

undersigned. Any appeal would be taken directly to the U.S. Court of Appeals for the Second

Circuit, as it would be if the consent form were not signed and so ordered.

The Clerk of Court is respectfully directed to vacate the Order at docket entry 78.


**SO ORDERED.**

**Date:  April 11, 2022**
　　　　**New York, NY**　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[1]　　　The form is available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.