

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA CARMONA,

        Plaintiffs,

  -against-

BUILDING MANAGEMENT ASSOCI-
ATES, INC., et al.,

        Defendants.

20-CV-04143 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter-motion dated April 28, 2022 (Joint Ltr.) (Dkt. 81), as amended by their May 11, 2022 letter (Dkt. 84), seeking approval of their fully-executed Stipulation of Settlement (Stip.) (Dkt. 80) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Stipulation of Settlement requires defendants collectively to pay $60,000, "within thirty (30) days of the date on which the Court issues an order approving this Stipulation," to settle plaintiff's claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Stip. ¶ 1; Joint Ltr. at 2. According to the parties' letter-motion, $37,599.57 of that sum will go to plaintiff Carmona, while the remaining $22,400.43 will go to plaintiff's counsel to reimburse their expenses, in the amount of $3,600.65, and pay them an attorneys' fee in the amount of $18,799.78. Joint Ltr. at 3. Plaintiff's counsel are to file the parties' Stipulation of Discontinuance, Stip. Ex. A (Dkt. 80-1), once the settlement amount has been paid in full. Stip. ¶ 7.

    The financial terms of the Stipulation of Settlement were arrived at after arm's-length bargaining between the parties' experienced employment and labor counsel, supervised by the Court, and are fair and reasonable. Plaintiff, who was employed as a maintenance coordinator, brought claims under the FLSA and NYLL for unpaid overtime wages, failure to timely pay wages, and failure to provide payroll notices and wage statements. *See* Joint Ltr. at 1. Defendants maintained throughout the case that plaintiff was prohibited from working more than forty (40) hours per week without the express approval of her supervisor, which she admittedly did not obtain with respect to most of the overtime hours for which she sought damages. The gross settlement payment of $60,000 represents approximately 67.4% of plaintiff's alleged damages of $89,000, and the $37,599.57 that will go to plaintiff represents "nearly all of Plaintiff's alleged unpaid overtime damages" of $42,000. *See id.* at 2.[1] The parties agreed to those terms after conducting substantial discovery, including several discovery-related motions, and ultimately participating in a judicially-supervised settlement conference before me on February 9, 2022. *Id.* at 3; Stip. at 1. Thereafter, the parties consented to my jurisdiction for all purposes. (Dkt. 82.)

---

[1] The $89,000 that plaintiff claims in potential damages includes $42,000 in unpaid overtime wages, $42,000 in liquidated damages, and $5,000 for defendants' alleged violation of NYLL § 195(3). Joint Ltr. at 2. It does not include interest or attorneys' fees. *Id.*

The settlement allows all parties to avoid the expense, delay, and uncertainty of proceeding with the litigation, *see* Joint Ltr. at 2, Stip. ¶ 4, including the risk that plaintiff will recover nothing, or substantially less than she sought, at trial. Under these circumstances, the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

The non-economic terms of the Stipulation of Settlement are also fair. Plaintiff will release defendants from any and all wage and hour claims, including all known and unknown claims under the FLSA, NYLL, and any other wage and hour law, regulation, or ordinance, arising from or relating to her employment with defendants. Stip. ¶ 5. Defendants will release plaintiff from any and all claims arising from or related to that employment. Stip. ¶ 6. There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiff's ability to discuss his employment with defendants, this action, or the terms of the settlement.

The proposed attorneys' fee award of $18,799.78 represents one-third of the net settlement payment, after deduction of expenses, which is consistent with the contingency agreement that plaintiff signed (Dkt. 84-1) and is approximately 51.7% of counsel's stated lodestar of $36,325. *See* Joint Ltr. at 3-4; Attorney Time Records (Dkt. 81-1). The expenses claimed include the $400 filing fee, $156 in process server fees, and $3,044.65 in deposition costs. *See* Joint Ltr. at 3, fn. 2. Given the degree of success obtained by counsel in this action, the award is not excessive.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. Plaintiff shall file the Stipulation of Discontinuance within seven days after the settlement amount is paid.

Dated: New York, New York
       October 17, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**